UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CESAR Y. CATIBAYAN,<br><br>       Plaintiff,<br><br>   v.<br><br>SYCIP GORRES VELAYO & CO. (SGV),<br>a.k.a SGV/ERNST & YOUNG (SGV/EY),<br>a Philippine accounting firm.<br><br>       Defendant. | No. 3:13-cv-00273-HU<br><br>**OPINION AND ORDER** |

HUBEL, Magistrate Judge:

    Before the court is Plaintiff Cesar Catibayan's ("Plaintiff") motion for appointment of counsel.  For the reasons set forth below, Plaintiff's motion (ECF No. 4) for appointment of counsel is DENIED.

    Pursuant to 28 U.S.C. § 1915(e)(1), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Page 1 - OPINION AND ORDER

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn*, 789 F.2d at 1331.

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many *pro se* litigants. Plaintiff has filed a detailed, 15-page, typewritten, double-spaced complaint setting forth his factual allegations and claims. He appears well able to articulate his case. He also appears to be able to afford representation based on the information he provided regarding his current financial situation.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for appointment of counsel (ECF No. 4) is DENIED. The deadline for Plaintiff to respond to Defendant's motion to dismiss for lack of jurisdiction, filed on March 19, 2013, is extended to April 26, 2013. Defendant's reply brief is due on May 8, 2013.

IT IS SO ORDERED.

Dated this 26th day of March, 2013.

/s/ Dennis J. Hubel

_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 2 - OPINION AND ORDER